IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO. 08-534 |
| JOHN DOUGLAS PARKER | |

**MEMORANDUM OPINION**

**Schmehl, J.**  */s/JLS*                                                                                                April 6, 2021

Before the Court is a motion filed by Defendant John Douglas Parker that seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). The Government has filed its opposition thereto, Defendant has filed a counseled reply and argument was held. Parker's motion is now ready for decision.

I. **STATEMENT OF FACTS**

Parker was arrested by local authorities in June 2008 for the armed robbery of two banks—one in Easton and one in Allentown. He had robbed both banks at knife point while telling the tellers that he had a gun and was apprehended while in possession of a knife after fleeing on foot from police. The federal government adopted the case, and the defendant pled to two counts of armed bank robbery on December 23, 2008. In June 2009, the Honorable James Knoll Gardner sentenced him to 228 months in prison and five years' supervised release. This sentence followed more than 20 years of arrests, convictions, incarceration, and parole violations. Parker is currently serving his sentence at FCI Hazelton. His projected release date is July 31, 2025. Thus, he already has served roughly 154 months of his 228-month sentence and has credit for good conduct time of

approximately 10 months, for a total time served of approximately 164 months. He had three disciplinary infractions while incarcerated, the last occurring over 6 years ago.

Parker's request for compassionate release is based upon the following medical conditions: high blood pressure, high cholesterol, and chronic kidney disease. Parker requested compassionate release from the warden and was denied via letter dated July 9, 2020. Thereafter, Parker filed a *pro se* motion in this Court seeking compassionate release. The Federal Defender's Association was appointed to represent Parker, the Government responded to the motion, Parker's attorney filed a reply, a telephonic hearing was held on the issue, and it is now ripe for decision.

Along with the response to his motion, the Government also provided Parker's medical records from the Bureau of Prisons. The records reveal that Parker, who is 59 years old, suffers from high blood pressure, high cholesterol, stage 3 chronic kidney disease and mild obesity.

## II.     LEGAL AUTHORITY

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act on December 21, 2018, provides in pertinent part:

> (c) Modification of an Imposed Term of Imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
> > (1) in any case—
> >
> > > (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of

>imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>>(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

The relevant Sentencing Guidelines policy statement appears at § 1B1.13, and provides that the Court may grant release if "extraordinary and compelling circumstances" exist, "after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable," and the Court determines that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." In application note 1 to the policy statement, the Commission identifies "extraordinary and compelling reasons" that may justify compassionate release as follows:

>1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
>(A) Medical Condition of the Defendant.—
>
>>(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>>
>>(ii) The defendant is—
>>
>>>(I) suffering from a serious physical or medical condition,
>>>
>>>(II) suffering from a serious functional or cognitive impairment, or

        (III)  experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

    (B) Age of the Defendant.—The defendant

        (i)      is at least 65 years old;

        (ii)     is experiencing a serious deterioration in physical or mental health because of the aging process; and

        (iii)    has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

    (C) Family Circumstances.—

        (i)      The death or incapacitation of the caregiver of the defendant's minor child or minor children.

        (ii)     The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

    (D) Other Reasons.— As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

Generally, the defendant has the burden to show circumstances that meet the test for compassionate release. *United States v. Heromin*, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019); *United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019).

If a defendant's medical condition is found to be the type of condition that puts a defendant at the increased risk of an adverse outcome from COVID-19, section 3582(c)(1)(A) requires a court to consider the "factors set forth in section 3553(a) to the

extent they are applicable" before a sentence may be reduced. These factors require a determination of whether the sentence served "reflect[s] the nature and circumstances of the offense and the history and characteristics of the defendant;" "reflect[s] the seriousness of the offense;" "promote[s] respect of the law;" and "afford[s] adequate deterrence to criminal conduct." The statute also instructs a court to consider the Sentencing Commission's policy statement, which allows a sentence reduction only if "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13.

"The common features of the recent cases where inmates have been granted judicial relief on motions for compassionate release due to the pandemic are either (1) properly exhausted claims that unreasonably were refused despite the existence of severe, chronic, or terminal conditions that could warrant release even in the absence of a pandemic, or (2) in cases where the defendants had severe medical conditions that placed them at high risk of coronavirus complications, were housed at a facility with confirmed cases, and had served a large majority of their sentences." *United States v. Ball*, 2020 WL 4816197, at *6 (E.D. Mich. Aug. 19, 2020). *See, e.g.*, *United States v. Rodriguez*, 2020 WL 1627331, at *7 (E.D. Pa. Apr. 1, 2020) (Brody, J.) (release granted where defendant is vulnerable due to Type 2 diabetes mellitus with diabetic neuropathy, essential hypertension, obesity, and "abnormal liver enzymes in a pattern most consistent with non-alcoholic fatty liver disease," has only one year left on 20-year sentence for nonviolent drug offense, and has exhibited good behavior); *United States v. Nunez*, 2020 WL 5237272, at *7 (E.D. Pa. Sept. 1, 2020) (Sanchez, C.J.) (release granted after 47 months of a 72-month term for drug and firearm offenses, "because Nunez presents a

unique case in which he provided substantial assistance to authorities, shows significant rehabilitation, and faces an increased risk of severe illness" from obesity, tuberculosis, and gout); *United States v. Sedge*, 2020 WL 2475071 (E.D.N.Y. May 13, 2020) (released with 8 months remaining on 72-month drug sentence, due to "hypertension, hyperlipidemia and coronary artery disease, family medical history, and the rapid rise of COVID-19 infections at FCI Danbury."); *United States v. Rodriguez*, 2020 WL 3051443 (S.D.N.Y. June 8, 2020) (granted due to "psoriatic arthritis, an autoimmune disorder for which he is prescribed an immunosuppressant that weakens his body's ability to fight infections," and asthma; has only seven months left to serve on 60-month term).

### III. DISCUSSION

Parker argues that his medical conditions put him at increased risk of an adverse outcome from COVID-19, which results in an "extraordinary and compelling" reason for his release from incarceration.

Parker asserts that he suffers from conditions that are CDC risk factors in relation to COVID-19, namely his mild obesity and stage 3 chronic kidney disease. The Government concedes that Parker's medical conditions place him at an increased risk of severe illness from COVID-19. In addition, numerous courts have found that chronic kidney disease, in combination with COVID-19, constitutes an extraordinary and compelling reason warranting sentence reduction for defendants, and I agree. I find Parker's medical conditions are an extraordinary and compelling reason for release. However, the analysis does not end there, as section 1B1.13 of the Guidelines requires a court to determine that "[t]he defendant is not a danger to the safety of any other person or

to the community[,]" U.S.S.G. § 1B1.13(3), and also consider the factors set for in section 3553(a) before a term of imprisonment can be reduced.

First, I note that FCI Hazleton, where Parker is incarcerated, houses 1,457 inmates as of the date this opinion was filed, 143 of whom have contracted COVID-19. Further, 77 staff members have contracted COVID-19 and one inmate has died. Clearly, FCI Hazleton is suffering a significant outbreak of the virus.

Parker has been incarcerated for nearly thirteen years, thus serving roughly two-thirds of his sentence imposed by the Court. He is due to be released on July 31, 2025. For the past 6 years in prison, he has been a model prisoner, committing no infractions whatsoever. Further, there is evidence that Parker had struggled with an addiction to drugs and alcohol for most of his life and virtually all his criminal history was attributable to his substance abuse. His three infractions early in his incarceration also appear to be related to his addiction, as he incurred a weapon possession charge in 2010, an attempted possession of a controlled substance charge in 2014, and possession of drugs or alcohol charge in 2015. Notably, Parker has not incurred any new institutional infractions since 2015. Parker has participated in several programs to better himself during his recent time behind bars, and he is currently working towards obtaining his associates' degree. Parker has shown by his recent conduct that he is no longer a threat to public safety.

Although the two armed robberies for which Parker was sentenced are clearly serious, Parker's recent success in prison demonstrates that his release would not present a serious risk to others or the community. Therefore, I must decide whether Parker's time served accomplishes the goals of sentencing pursuant to 18 U.S.C. § 3553(a).

The Court concludes that the factors set forth in 18 U.S.C. section 3553(a) weigh in favor of Parker's release. Because section 3553(a) establishes factors to consider in initially imposing a sentence, not every factor applies here. The relevant factors require a determination of whether the sentence served "reflect[s] the nature and circumstances of the offense and the history and characteristics of the defendant;" "reflect[s] the seriousness of the offense;" "promote[s] respect of the law;" and "afford[s] adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a). The statute also mandates: "The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2)." *Id*.

In examining the factors, I first note that obviously armed bank robbery is very serious, and the record indicates that Parker has had a lifelong struggle with substance abuse which seems to have influenced his criminal behavior. I must determine whether the amount of time Parker has spent in jail will serve the purposes of punishment. Parker has been incarcerated for nearly 13 years and has approximately 51 months remaining until his expected discharge. Thus, he has served two-thirds of his sentence, or 70 percent of his sentence if good time credit is included in the calculation. The sentence Parker has already served is long enough to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct and protect the public from further of Parker's crimes. To require him to serve any further time would result in a sentence greater than necessary to comply with the statutory purposes of punishment.

The government objects to Parker's request for compassionate release because he is a "career offender." However, the serious nature of Parker's prior crimes and most recent

offenses "does not prohibit release when the term already served has achieved the purposes of sentencing." Indeed, "almost all federal prisoners have committed serious crimes. If generalized (albeit legitimate) concerns about the dangers of guns and drugs were enough to bar compassionate release, almost no one would be eligible." *United States v. Parsons*, 2020 WL 7181119, at*2 (E.D.Pa. Dec. 7, 2020) (quoting *United States v. Somerville*, 463 F.Supp.3d 585, 602 (E.D.Pa. 2020)). Several courts have in fact granted compassionate release to so-called violent career offenders whose medical conditions constituted extraordinary and compelling reasons in light of COVID-19.[1]

The totality of the circumstances demonstrates that reducing Parker's sentence to time served after 154 months in custody is "sufficient, but not greater than necessary," to serve the purposes of sentencing under § 3553(a). Accordingly, his request for compassionate released is granted.

## IV.    CONCLUSION

For the foregoing reasons, Parker's motion for compassionate release is granted and his sentence is reduced to time served.

---

[1] See, e.g, *United States v. Parker*, 461 F.Supp.3d 966, 982 (C.D. Cal. 2020) (granting compassionate release, notwithstanding defendant's "leadership of a drug distribution network, his abuse of a position of trust, and his submitting a false tax return," and fact that offense involved weapon); *United States v. Pena*, 459 F.Supp.3d 544, 547 (S.D.N.Y. 2020) (granting compassionate release of defendant who helped to organize an armed robbery); *United States v. McCarthy*, 453 F.Supp.3d 520, 523 (D. Conn. 2020) (granting compassionate release of defendant convicted of armed bank robbery); *United States v. Rodriguez*, 451 F.Supp.3d 392, 406 (E.D. Pa. 2020) (granting compassionate release of defendant whose "criminal history involve[d] a series of convictions for drug dealing" and case involved firearms offenses); *United States v. Almontes*, 2020 WL 1812713, at *1 (D. Conn. Apr. 9, 2020) (granting compassionate release of defendant with drug and Section 924(c) conviction, who had been deemed a "career offender" based on prior assault and robbery convictions); *United States v. Williams*, 2020 WL 1751545, at *4 (N.D. Fla. Apr. 1, 2020) (finding compassionate release appropriate for defendant convicted of armed bank robbery and brandishing a firearm during a crime of violence who had a prior criminal history including "six prior convictions for armed bank robbery and three prior convictions for bank robbery").